## Town of Toledo v. Edens.

1. **Municipal Corporations:** TOWN ORDINANCE: TWO MILE LIMIT. In February, 1878, and before chapter 119, acts of 1878, became a law, the town passed an ordinance providing "that no person shall sell within the limits of said town, *or of any territory over which the town may have jurisdiction for that purpose,* any beer or wine, or any malt or vinous liquors    *    *    *    *    without first procuring from the mayor a license, etc.," and defendant sold beer in September, 1878, outside of, but within one mile of the corporate limits of, the town: *held* that the ordinance applied to the two mile limit over which the town subsequently obtained jurisdiction by said statute, and that defendant was properly found guilty thereunder.

2. **Constitutional Law:** STATUTE CONSTRUED. Chapter 119, acts of 1878, extending the jurisdiction of cities and towns, for the purpose of regulating, prohibiting and licensing the sale of ale, wine and beer, two miles beyond the limits of such corporations, *held* constitutional and valid. Following *State v. Schroeder*, 51 Iowa, 197, and *Town of Centerville v. Miller*, Id., 712.

3. **Criminal Law:** FINE NOT EXCESSIVE. The ordinance being valid, and providing a fine for its violation of not less than $50, a fine of $50 imposed for its violation cannot be considered excessive.

*Appeal from Tama District Court*

THURSDAY, SEPTEMBER 21.

THIS is a prosecution under an ordinance of the town of Toledo, charging the defendant with selling beer within two miles of the corporate limits of the town. The case was originally tried before the mayor of the town, and the defendant was found guilty. An appeal was taken, and upon a trial in the District Court he was again convicted, and he appeals.

*L. J. Blum,* for apppellant.

*J. H. Merritt,* for appellee.

ROTHROCK, J.—I.    In February, 1878, the town passed an ordinance providing "that no person shall sell within the limits of said town, or of any territory over which the town

may have jurisdiction for that purpose, any beer or wine or any malt or vinous liquors, the sale of which is not prohibited by the laws of the State of Iowa, without first procuring from the mayor a license, etc."

On the 3d day of September, 1878, the defendant sold beer outside of, but within one mile of, the corporate limits of the town, and without any license to make such sale.

Chapter 119 of the acts of 1878 became a law on the 4th day of July of that year, and it contains the following among other provisions:

"SEC. 9. The power and jurisdiction of every municipal corporation, whether acting under general or special charter, to regulate, prohibit and license the sale of ale, wine and beer, and of the courts and officers thereof to enforce said regulations, is hereby extended two miles beyond the city limits of said corporation, * * * * ."

The question to be determined is, did the ordinance in question operate to prohibit unlicensed sales within two miles of the city limits? We think it did. The section above quoted is an absolute extension of the jurisdiction of the city to all points within the two miles limit, and an absolute extension of the jurisdiction and power of the courts and officers of the city two miles beyond the city limits. If an ordinance be enacted and afterward the city limits be extended by adding thereto adjacent territory, no one would contend that a new ordinance must be passed in order to be operative in the newly acquired territory.

We can see no difference between that case and this. By this law the extension of the power and jurisdiction is absolute. It does not depend on any act or ordinance of the city specially adopting or invoking the power. If the ordinance had been passed after the law went into force it would not have been necessary that it should specify that its operation extended two miles beyond the city limits. It is so extended by the express provision of the law.

II. It is urged that the law in question is unconstitutional.

We have held it to be a constitutional and valid enactment. *State v. Schroeder*, 51 Iowa, 197; *Town of Centerville v. Miller*, Id., 712. We have no disposition to recede from the ruling in those cases. Counsel present no new objection to the act which we regard as of sufficient importance to discuss.

III. The ordinance provided as a penalty for its violation a fine of not less than $50 nor more than $100. The court assessed a fine of $50, which is claimed to be excessive. As we hold the prosecution was properly commenced, and carried on under the ordinance, the fine could not have been in a less amount than that fixed by the court.

AFFIRMED.