Jacob Guilfoos, Respondent, *v.* The New York Central and Hudson River Railroad Company, Appellant.

*Parol promise to maintain a fence — barbed wire railroad fence.*

A parol promise by a railroad company to maintain a particular kind of fence along its right of way, is not an agreement that runs with the land.

A barbed wire fence along a railroad track is not necessarily dangerous and a nuisance ; it may or may not be, depending upon circumstances. (So held in a case arising before the passage of chapter 367 of the Laws of 1891, which prohibits barbed wire railroad fences.)

Appeal by the defendant, the New York Central and Hudson River Railroad Campany, from a judgment of the Cayuga County Court, entered in the office of the clerk of that county on the 30th day of March, 1891, affirming a judgment of a Justice's Court upon appeal taken upon questions of law only.

*J. W. Dunwell,* for the appellant.

*James Wright,* for the respondent.

Haight, J. :

This action was brought to recover damages for injuries received by the plaintiff's mare on a barbed wire fence. The plaintiff, in his complaint, alleges that he is the owner of a farm adjoining the defendant's railroad ; " that along the lands of plaintiff said defendant constructed and put up a barbed wire fence, and has continued to maintain the same until the grievances hereinafter alleged. That

such barbed wire fence was put up and maintained against the express wish and consent of plaintiff, and contrary to a contract made by and between said West Shore Company and plaintiff at time of going through the lands of plaintiff. That about January first, plaintiff had a certain mare in a pasture lot adjoining said West Shore railroad, and she became entangled in said barbed wire fence above described, and cut, maimed, mutilated and otherwise injured herself to the extent of forty dollars, and for medicine used to heal her ten dollars, including doctoring. Wherefore, and by reason of the premises plaintiff demands judgment against said defendant for the sum of fifty dollars."

Upon the trial evidence was given tending to show that at the time the West Shore contemplated building its road, a man came there to buy the right of way through the farm in question, and said that he would pay $200 per acre for the land, and would build a board fence and dig a ditch two feet deep and four feet wide. The plaintiff was not at this time the owner of the land, but he subsequently became the owner. We do not understand that a parol promise to maintain a fence is an agreement that runs with the land. (See Pierce on Railroads, 424, and authorities there cited.)

It consequently does not become necessary to consider the evidence for the purpose of determining whether it is sufficient to sustain the alleged agreement to build a board fence, or the exceptions that have been taken to the admission of evidence upon the trial in an attempt to establish such an agreement. The County Court, in its review, was of the opinion that the action could be maintained as one for negligence, and we have examined the case for the purpose of determining whether such a cause of action was established. The complaint, as we have seen, fails to allege any act of negligence on the part of the defendant. The only allegation bearing upon the question is, " That along the lands of plaintiff said defendant constructed and put up a barbed wire fence and has continued to maintain the same until the grievances hereinafter alleged." It does not allege that such fence was dangerous. Unless, therefore, the court can say that a barbed wire fence is dangerous and a nuisance *per se*, the action cannot be maintained on the ground of negligence. But assuming that the complaint is sufficient to authorize a recovery upon that ground, there is an absolute

failure of evidence to establish negligence. The only evidence given upon the subject is by the plaintiff himself, and is as follows: " The fence is a barbed wire fence on the south and north side of West Shore railroad. The fence where the mare was hurt is on the north side of the railroad; are six or seven acres in the field. The barbed wire fence is along the railroad. It is the same fence that West Shore company put up and has been there until now. It is six wires on a wooden post, with barbs about six inches apart and sharp. Barbs are about one-half inch long." In another place he testified that he put his horse in the field in June, 1889, to pasture. The nature of the lot, whether wild or cultivated, pasture or meadow, does not appear. Whether it had ever been used as a pasture before, or the defendant knew of such use, does not appear. We are not even informed as to how the mare came to be injured.

We do not understand that a barbed wire fence along a railroad track is necessarily dangerous and a nuisance. It may or it may not be, depending upon circumstances. If the lands which it inclosed were wild and uncultivated, and not used for the pasturing of horses it could hardly be claimed that its construction and maintenance was negligence, and yet other circumstances might be disclosed showing that such a fence was an improper one. (*Rehler* v. *Western New York & Pennsylvania R, R. Company,* 28 N. Y. St. Repr. 311.)

Under the evidence as we find it, it does not appear that such a cause of action was established. It is very evident that the case was not tried upon this theory. The claim litigated was for a breach of contract and it is hardly fair to the appellant upon review to permit the respondent to shift his claim of damages from a breach of contract to one for negligence. The injury complained of occurred before the passage of chapter 367, Laws of 1891, and consequently the prohibition of barbed wire fences in that act has no application to this case.

The judgment of the County Court and that of the justice of the peace should be reversed, with costs to the respondent in this and the County Court.

DWIGHT, P. J., LEWIS and MACOMBER, JJ., concurred.

Judgment of the County Court and of the justice of the peace appealed from reversed, with costs in this and the County Court.