THE STATE, EX REL. BOROUGH OF PLEASANTVILLE, v. ATLANTIC CITY AND SUBURBAN TRACTION COMPANY.

Argued February 25, 1907—Decided November 11, 1907.

*Mandamus* is a proper remedy for enforcing performance by a traction company of duties in respect to the public highways occupied by it pursuant to the terms of the municipal ordinances under which such occupation is enjoyed.

On application for *mandamus.*

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the relator, *Sherrerd Depue.*

For the defendant, *Enoch A. Higbee.*

The opinion of the court was delivered by

GARRISON, J. The chief legal bar set up by the defendant to the allowance of the writ prayed for by the relator is that the duties sought to be enforced by such writ rest wholly upon the contract of the parties or, at least, arise out of a *quasi*-contractual relation between them. The duties sought to be enforced by *mandamus* in the present case are similar in their nature to those enforced by that writ in the recent case of *Rutherford* v. *Hudson River Traction Co.,* 44 *Vroom* 227. They are duties that arose from the terms of the conditions contained in the municipal ordinances, pursuant to which the defendant is enjoying its occupation of the public rights in the streets of such municipality.

In the case cited Mr. Justice Pitney dealt with the question now before us with the most comprehensive thoroughness, and after reviewing all of the cases then decided, reached a conclusion that is, upon principle, opposed to the contention of the defendant in the present case. On the same day that this opinion was promulgated, viz., February 26th, 1906, Mr.

Justice Dixon filed an opinion of the same court (composed of different justices) announcing the decision in the case of *Newark* v. *North Jersey Street Railway Co.,* 44 *Vroom* 265, denying the allowance of the writ of *mandamus* to compel the defendant in that case to issue transfers to its passengers which the city claimed it was the duty of the traction company to do under the terms of certain ordinances of the city to which the railway company had assented as a condition of certain privileges granted to it by the city.

The foregoing decisions are not in conflict. The point of distinction between them is that in the Rutherford case the municipal ordinances were held to be legislative acts touching a public duty to which acceptance by the street railway lent the added force of a contract; whereas, in the Newark case, it was expressly decided that the city ordinances did not possess any public legislative force, that the rights they created were essentially private and that the efficacy of such ordinances was derived wholly from the assent of the railway thereto. The opinions delivered in these cases concur in their approval of the decision announced in the opinion of Chief Justice Beasley in *Wilbur* v. *Trenton Passenger Railway Co.,* 28 *Vroom* 212, although the reason given by Mr. Justice Dixon as the ground of his concurrence is narrower than that to which the views expressed by Mr. Justice Pitney, in the Rutherford case, would lead.

Accepting as valid the distinction thus pointed out, the Rutherford case has the force of authoritative precedent in this court upon the questions of law expressly decided by it. Upon the authority, therefore, of that case the writ of *mandamus* prayed for by the relator in the present case is an appropriate remedy, if the facts of the case and the duties of the defendant are as the relator contends.

In order that these issues may be squarely raised and the matter put in proper shape to be reviewed, should either party so desire, an alternative writ of *mandamus* will be allowed in accordance with the practice suggested in the case of *Hoos* v. *O'Donnell,* 31 *Vroom* 35.