## THE STATE OF INDIANA, EX REL. CITY OF MARION, *v.* MARION LIGHT AND HEATING COMPANY.

[No. 21,586.   Filed October 27, 1910.]

1. MANDAMUS.—*Enforcement of Contracts.*—Mandamus does not ordinarily lie to enforce a contract.   p. 624.
2. MANDAMUS.—*Franchise Duties.*—Where a corporation accepts a public franchise imposing certain duties toward the public, in consideration of rights conferred, such corporation may be compelled by mandate to perform such franchise duties.   pp. 625, 626, 627.
3. CORPORATIONS.—*Public-Service.*—*Light and Heat Companies.*—A corporation formed for the purpose of supplying a city and its inhabitants with light and heat, is a public-service corporation. p. 626.
4. MANDAMUS.—*Parties.*—*Relators.*—*Cities.*—*Public.*—In an action in mandamus to compel a public-service corporation to furnish heat to a city for its library building, in accordance with its franchise, the city, as representing the public therein, is a proper relator.   p. 627.
5. MANDAMUS.—*Heating City Library.*—*Ability of Company.*—*Estoppel.*—A public-service corporation that accepts a franchise to furnish heat to the inhabitants of a city, a condition of its franchise being to supply heat to the city library building, is estopped from asserting that it cannot supply such heat.   p. 628.
6. MANDAMUS.—*Heating City Library.*—*Subsequent Erection of Library.*—An action to mandate a heating company to furnish heat

for the city library building cannot be defeated on the ground that the building was erected after the granting of the franchise, where a condition of the franchise was that such company should "deliver, free of cost, to the city library building heat sufficient for all the rooms and offices in said building." p. 628.

7. CONTRACTS.—*Waiver.*—*Heating City Library.*—*Failure of City to Pipe Building.*—The failure of a city to prepare, at its completion, the city library building for the reception of heat contracted for in the grant of a franchise, does not constitute a construction of the franchise relieving the company from furnishing heat when such building is properly arranged therefor. p. 629.

8. CORPORATIONS.—*Public-Service.*—*Heat.*—*Serving Public.*—A public-service heating company is required to furnish heat to a private citizen whenever proper demand is made therefor. p. 629.

From Grant Circuit Court; *H. C. Fox,* Special Judge.

Action by The State of Indiana, on the relation of the City of Marion, against the Marion Light and Heating Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*J. F. Charles* and *A. C. Harris,* for appellant.
*G. A. Henry* and *Lindsay & De Vault,* for appellee.

MONKS, C. J.—This proceeding was brought by the city of Marion, as relator, to compel appellee, by writ of mandamus, to furnish free of cost to the relator, at its "public library building in said city, hot water heat sufficient properly to heat all the rooms and offices in said building." An alternative writ was issued, and appellee's demurrer thereto, for want of facts, was sustained. The relator refused to plead further, and final judgment was rendered in favor of appellee. The assignment of error calls in question the action of the court in sustaining the demurrer to the alternative writ. It appears from the alternative writ that the common council of the city of Marion, on August 28, 1899, adopted an ordinance granting certain persons and their successors and assigns the right

"to conduct a system of hot water heating in said city, and the right to use the streets, alleys and thoroughfares of said city, as it now is or may hereafter be laid

out and extended, for the term of thirty years from the passage of said ordinance, for the purpose of laying the pipes, conduits, mains and making connections therewith, for the purpose of furnishing, selling and delivering hot water to heat the dwellings, homes, storerooms, offices and buildings in said city.''

Said rights were granted, subject to certain conditions, among which were the following:

''That said grantees, their successors and assigns, are to deliver, free of cost, to the city library building heat sufficient for all the rooms and offices in said building, the same to be delivered at the curb or lot line free of all expense to said city. All streets, alleys, etc., used by the grantees or their assigns, shall be put in as good and safe condition as they were before the laying of said mains, pipes, etc., therein.''

The persons named in said ordinance accepted it in whole and in all its details on September 5, 1899.

In 1903, after the adoption and acceptance of said ordinance and pursuant to said ordinance, a heating plant was constructed within said city, and a system of pipes, mains and conduits laid in, under and along the streets, alleys and thoroughfares of said city, and within the corporate limits thereof, and appellee, the successor and assignee of the grantees in said ordinance, began in said year to furnish hot water heat to heat the dwellings, business blocks and buildings in said city, and has maintained and operated said plant under and by virtue of the rights granted in said ordinance. Said library building was erected in the year 1902, and is the only library building ever owned by the relator, and it contains the public library of said city and is used for library purposes.

Appellee insists that this proceeding is to enforce the obligations of a contract against it, and that a writ of mandate will not lie in such a case. It is true, as a general rule, that mandamus will not lie to enforce the obligations of a contract, but a contract may create a relation upon which the law will impose rights and duties en-

forceable by mandamus. *State, ex rel.,* v. *Cadwallader* (1909), 172 Ind. 619, 637; 19 Am. and Eng. Ency. Law (2d ed.) 742, 743; 14 Current Law 602, §2; Current Law 651, §2; 10 Current Law 676, 677, §2. Where a corporation accepts a public franchise, imposing certain duties 2. toward the public, in return for rights conferred upon it, as appears in this case, the performance of the duties so imposed is a public one which may be compelled by mandamus. *Ward* v. *Commissioners, etc.* (1908), 125 Am. St. 489, note, pp. 513-515, and cases cited. Public-service corporations may be compelled by mandamus to perform a duty growing out of the acceptance by them of a grant made by the municipality. *Seymour Water Co.* v. *City of Seymour* (1904), 163 Ind. 120, 130, and cases cited; *Greenfield Gas Co.* v. *Trees* (1905), 165 Ind. 209, and cases cited; *State, ex rel.,* v. *Consumers Gas Trust Co.* (1901), 157 Ind. 345, 55 L. R. A. 245; *Portland, etc., Oil Co.* v. *State, ex rel.* (1893), 135 Ind. 54, 21 L. R. A. 639, and cases cited; *Independent School Dist., etc.,* v. *Le Mars, etc., Light Co.* (1906), 131 Iowa 14, 107 N. W. 944, 10 L. R. A. (N. S.) 859; *State, ex rel.,* v. *Tampa Water-Works Co.* (1909), 57 Fla. 533, 48 South. 639, 22 L. R. A. (N. S.) 680; *City of Chicago* v. *Chicago Tel. Co.* (1907), 230 Ill. 157, 82 N. E. 607, 13 L. R. A. (N. S.) 1084, 1088 and note; *City of Potwin Place* v. *Topeka R. Co.* (1893), 51 Kan. 609, 33 Pac. 309, 37 Am. St. 312 and note; *State, ex rel.,* v. *New Orleans Gas Light Co.* (1902), 108 La. 67, 32 South. 179; *Cumberland, etc., Tel. Co.* v. *Morgan's, etc., R. Co.* (1899), 51 La. Ann. 29, 24 South. 803, 72 Am. St. 442; *State, ex rel.,* v. *New Orleans, etc., R. Co.* (1890), 42 La. Ann. 11, 7 South. 84; *Robbins* v. *Bangor R., etc., Co.* (1905), 100 Me. 496, 62 Atl. 136, 1 L. R. A. (N. S.) 963 and note; *State, ex rel.,* v. *Hudson River Traction Co.* (1906), 73 N. J. L. 227, 63 Atl. 84; *State, ex rel.,* v. *Atlantic City, etc., Traction Co.* (1907), 75 N. J. L. 279, 68 Atl. 60; *Oklahoma City* v. *Oklahoma R. Co.* (1907), 20 Okla.

1, 93 Pac. 48, 16 L. R. A. (N. S.) 651 and note; *Haugen* v. *Albina Light, etc., Co.* (1891), 21 Ore. 411, 28 Pac. 244, 14 L. R. A. 424; *State, ex rel.,* v. *Northeastern R. Co.* (1856), 9 Rich. L. 247, 67 Am. Dec. 551; *International Water Co.* v. *City of El Paso* (1908), 51 Tex. Civ. App. 321, 112 S. W. 816; 5 Thompson, Corporations (2d ed.) §§5753, 5754; Merrill, Mandamus §§157, 158; 26 Cyc. 358; 19 Am. and Eng. Ency. Law (2d ed.) 872; 10 Current Law 676, §2; 12 Current Law 651, §2 and note; 14 Current Law 602, §2; 45 Cent. L. J. 278.

Appellee is a public service corporation (26 Cyc. 377, 378; 1 Thompson, Corporations [2d ed.] §32; 1 Cook, Corporations [6th ed.] §7), and may be compelled to furnish heat in accordance with the provisions of its franchise.

Many cases hold that where a corporation undertakes to perform a public service to individual members of the public, or to corporations distributively, whether such undertaking is assumed by accepting a charter which commands the performance in express terms, or by accepting a charter or license which permits the performance of the service, from which circumstances an obligation to perform it is implied, such corporation can be compelled by mandamus to perform the service. 45 Cent. L. J. 278-283. In the case of *Indianapolis, etc., R. Co.* v. *State, ex rel.* (1871), 37 Ind. 489, a proceeding brought to compel appellant, by mandamus, to improve the streets of the relator, on which appellant had laid its tracks, as required by the ordinance granting such right, this court said, at page 495: "But this ordinance is not a contract between the railroad company and the city, but simply a grant of the right of way upon certain conditions and duties subsequent, to be performed by the company. And the proper means by which a corporation may be compelled to perform a plain duty—and the duty is plain in this case—is by a writ of

mandate. Public duties of corporations may be enforced by mandamus.''

Appellee contends, however, that mandamus only lies to compel some duty owing to the public, and not, as in this case, to the municipal entity, ''and that there is a clearly-drawn distinction between cases of that class and those in which the duty or obligation is owed primarily to the municipality,'' citing *City of Chicago* v. *Chicago Tel. Co., supra.* In the case just cited the city sought by mandamus to compel defendant to file a statement of its receipts and pay a portion of them into the city treasury as required by the ordinance granting its franchise, and it was held that mandamus would not lie. This holding, even if correct under the laws of this State, a question we need not decide, does not sustain appellee's contention that mandamus will not lie in this case. It was held in that case that said telephone company could be compelled by mandamus to furnish telephone service to the public. Said building is used by 4. the public as a library building, and must, therefore, be heated during certain months of the year. The public is therefore directly interested, and the relator represents the public. It is clear that appellee may be compelled 2. by mandamus to furnish heat for said building in accordance with the terms of its franchise and in accordance with its duty as implied by law. *Indianapolis, etc., R. Co.* v. *State, ex rel., supra; Vandalia R. Co.* v. *State, ex rel.* (1906), 166 Ind. 219, 117 Am. St. 370, and cases cited; *Seymour Water Co.* v. *City of Seymour, supra,* and cases cited; *People, ex rel.,* v. *Farmers Canal, etc., Co.* (1898), 25 Colo. 202, 54 Pac. 626, and cases cited; *Woodbury* v. *Tampa Water-Works Co.* (1909), 57 Fla. 556, 49 South. 556, 21 L. R. A. (N. S.) 1039; *Southern Express Co.* v. *R. M. Rose Co.* (1905), 124 Ga. 581, 53 S. E. 185, 5 L. R. A. (N. S.) 619; *People, ex rel.,* v. *Suburban R. Co.* (1899), 178 Ill. 594, 53 N. E. 349, 49 L. R. A. 650, and cases

cited; *Independent School Dist., etc., v. Le Mars, etc., Light Co., supra; City of Topeka v. Topeka Water Co.* (1897), 58 Kan. 349; *Robbins v. Bangor R., etc., Co., supra; Pond v. New Rochelle Water Co.* (1906), 183 N. Y. 330, 76 N. E. 211, 1 L. R. A. (N. S.) 958; *People, ex rel., v. New York, etc., Water Co.* (1899), 56 N. Y. Supp. 364, 38 App. Div. 413; *Oklahoma City v. Oklahoma R. Co., supra; Haugen v. Albina Light, etc., Co., supra; State, ex rel., v. Spokane St. R. Co.* (1898), 19 Wash. 518, 53 Pac. 719, 67 Am. St. 739. See, also, *Westfield Gas, etc., Co. v. Mendenhall* (1895), 142 Ind. 538; *Muncie Nat. Gas Co. v. City of Muncie* (1903), 160 Ind. 97, 60 L. R. A. 822, and cases cited.

Appellee also insists "that since the complaint shows the library building to be located about two squares from the mains, pipes and conduits now maintained and operated by appellee, and since it does not show that the library building is situated within a radius in which it is a physical possibility for appellee to force or project water at all or in sufficient quantities or at such temperature as to make it possible to heat such building, an alternative writ of mandate will not issue." In answer to this contention it may be said that by accepting said ordinance appellee acknowledged and admitted that it would have power to perform the act sought to be enforced. By assenting to the terms of said ordinance it became appellee's duty to do whatever was necessary to be done to place it in a position to furnish said library building with heat. *State, ex rel., v. White Oak R. Co.* (1909), 65 W. Va. 15, 21, 64 S. E. 630; *International Water Co. v. City of El Paso, supra.*

Appellee also contends that since the relator owned no library building at the time the ordinance in question was passed and accepted by appellee's assignors, it cannot be said that the library building used by the relator when this action was commenced is the one mentioned in said ordinance, and "that a contract must be construed in the light of the facts, conditions, situation of the parties, etc.,

at the time it was entered into, and not be construed by the conditions and circumstances existing many years later.'' While it may be true that the city of Marion owned no library building at the time the ordinance set forth in the alternative writ was passed, yet the ordinance shows that such building was contemplated and the ordinance passed and accepted by appellee with the understanding that such building would be erected. *Independent School Dist., etc., v. Le Mars, etc., Light Co., supra.* See, also, *Indiana R. Co. v. Hoffman* (1904), 161 Ind. 593.

Neither did the relator, by its failure to equip said library building so to receive said heat when erected, thereby construe the ordinance to mean that appellee

7. was not required to furnish said heat free of cost and was not bound by the terms of said ordinance. The fact that a private individual does not equip his house at the time it is built with the proper fixtures will not defeat his right to compel a public-service corporation,

8. empowered to furnish heat, to supply said heat, if he should later fit said house with the proper fixtures and meet whatever other conditions might reasonably be imposed on him. The relator, having complied with the terms of said ordinance in the manner contemplated at the time of its passage, it is the duty of appellee to furnish said heat on the terms therein provided, and mandamus will lie to enforce such duty. It follows that the court erred in sustaining the demurrer to the alternative writ.

Judgment reversed, with instructions to overrule the demurrer to the alternative writ and for further proceedings in accordance with this opinion.