## BARTLETT, TRUSTEE, *v.* STATE OF INDIANA, EX REL. HAMILTON.

[No. 22,774. Filed January 4, 1917.]

1. MANDAMUS.—*Writ to Compel Rebuilding of Line Fence.—Enforcement of Contract.—Complaint.—Sufficiency.*—A complaint for mandamus to compel a township trustee, under §7379 Burns 1914, Acts 1911 p. 675, to rebuild a line fence which relator's adjoining owner refused to build, is insufficient as against demurrer, where no duty to rebuild rested upon such owner, unless by virtue of a contract the existence of which was in dispute. pp. 18, 19.

2. MANDAMUS.—*Right to Writ.—Complaint.—Sufficiency.—Statute.*—Under §1225 Burns 1914, Acts 1911 p. 541, an action for mandate lies to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station, but a complaint in mandamus to be sufficient against demurrer, must state a clear legal right on the part of the relator to the relief sought and show a clear legal duty of defendant to perform the act demanded. p. 18.

3. MANDAMUS.—*Right to Writ.—Enforcement of Contract.*—Mandamus will not lie ordinarily to enforce the performance of contracts, since legal and equitable remedies afford adequate relief, and this is especially true where the existence of the contract forming the basis of the mandatory action is in dispute between the interested parties. p. 18.

4. FENCES.—*Agreement of Landowners.—Effect.*—Section 7379 Burns 1914, Acts 1911 p. 515, relating to the rebuilding and repair of line fences, does not make the township trustee a tribunal to determine the existence of a contract between adjoining landowners concerning the maintenance of a line fence, but a landowner is entitled to an adjudication of such question before being compelled to rebuild his portion of a line fence. p. 19.

5. COVENANTS.—*Covenants Running with Land.—Parol Contracts.—Notice.*—A parol contract between adjacent landowners concerning the maintenance of a partition fence does not afford such notice, actual or constructive, of its existence to subsequent grantees as to constitute a covenant running against the land, and such a contract is not, therefore, enforceable against a grantee of one of the parties to the agreement purchasing without notice. pp. 19, 20.

6. FENCES.—*Agreements by Adjacent Landowners.—Statute.*—Section 7378 Burns 1914, Acts 1911 p. 515, relating to the duty

of adjacent landowners in the construction or repair of partition fences, recognizes the right of such owners to contract and agree among themselves as to what portion of a line fence shall be built and kept in repair by the respective parties in interest.  p. 20.

From Washington Circuit Court; *William H. Paynter*, Judge.

Action by the State of Indiana, on the relation of Peter M. Hamilton, against Elza V. Bartlett, trustee, etc.  From a judgment for relator, the defendant appeals.  *Reversed.*

*Walter G. Mead,* for appellant.
*Elliott & Houston,* for appellee.

SPENCER, J.—It appears from appellee's complaint that on September 26, 1913, and continuously since that date, one George V. Ratts and the relator were and have been the owners of certain adjoining tracts of land situate in Washington county and separated by a partition fence running east and west; that prior to the purchase by Ratts of the land now owned by him the relator entered into an agreement with the then owner of such land, one Lyman E. Hamilton, whereby it was mutually understood and agreed that said Hamilton was to erect, maintain and keep in repair the east half of the partition fence above referred to and relator was to keep in repair the west half of the same; that on September 26, 1913, said fence was in a bad state of repair and was insufficient to serve as a partition fence between the lands in question; that on or about September 5, 1913, the relator caused to be repaired and rebuilt the west half of such fence, and on September 26, 1913, he served notice on said Ratts to rebuild the east half of the fence within twenty days, which Ratts wholly failed to do; that after the expiration of twenty days

relator placed the facts before the township trustee, who duly notified Ratts of the probable cost of rebuilding or repairing the partition fence; that Ratts still refused to · repair the same, whereupon relator demanded that the trustee cause the east half of such fence to be rebuilt or repaired, but the trustee wholly failed and refused so to act. The prayer is for the issuance of a writ of mandamus to compel such action under the provisions of §7379 Burns 1914, Acts 1911 p. 515.

It is earnestly contended by appellant: (1) that the above statute imposes no mandatory duty on the trustee where partition fences are divided for maintenance by contract between the adjoining owners; and (2) that, in any event, no such duty is imposed where the existence of the alleged contract is in dispute.

We deem it unnecessary here to determine the first question suggested, but we are of the opinion that appellant is correct in his latter contention. An action for mandate lies against officers "to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station." §1225 Burns 1914, Acts 1911 p. 541. But a complaint in mandamus, to repel a demurrer, must state a clear legal right on the part of the relator to the relief which is sought and show a clear legal duty of defendant to perform the act demanded. *Paddock* v. *State, ex rel.* (1916), 185 Ind. 650, 114 N. E. 217; *State, ex rel.* v. *Graham* (1914), 183 Ind. 53, 55, 108 N. E. 111. Ordinarily, mandamus will not lie to enforce the performance of contracts, since legal and equitable remedies afford adequate relief. *State, ex rel.* v. *Trustees, etc.* (1888), 114 Ind. 389, 396, 16 N. E. 808; *Harrison School Tp.* v. *McGregor* (1884), 96 Ind. 185; *State, ex rel.* v. *Marion Light, etc., Co.* (1910), 174 Ind. 622, 624, 92

N. E. 731. This is especially true where the existence of the contract which forms the basis of the mandatory action is in dispute between the interested parties. *Harrison School Tp.* v. *McGregor, supra,* 189.

In the present case no duty rests on Ratts, as the owner of land lying north of the fence in question, to maintain the east half of such fence, unless by virtue of contractual obligations. Appellee's complaint assumes the existence of such a contract, but does not allege that Ratts has conceded its existence or that the validity thereof has been adjudicated by a court of competent jurisdiction. It is shown that Ratts disregarded relator's notice to repair or rebuild, and, in the absence of contrary averments, it must be presumed that his refusal was in good faith. The existence of the contract relied on was a question on which Ratts was entitled to his day in court (*State, ex rel.* v. *Jamison, Auditor* [1895], 142 Ind. 679, 683, 42 N. E. 350), and it cannot be said that the statute here makes the trustee a tribunal for the determination of that question. The demurrer to appellee's complaint should have been sustained.

Another question is presented, however, which is certain to arise on a further trial of the issues in dispute and should here receive consideration. It developed at the trial below that the agreement between relator and Lyman E. Hamilton was oral in character and Ratts claimed to have had no notice of the same prior to his purchase of the land which he now owns. To cover this element of the case appellant tendered an instruction in the following language: "A covenant or agreement between two adjoining land owners concerning a partition fence separating the lands of one from the lands of the other does not run with the land so as to be binding on the grantee of either, or

successive grantees, if such grantees are purchasers without notice of said covenant or agreement. So, if you find from the evidence in this case that George V. Ratts had no notice, actual or constructive, at any time, of the existence of any such agreement or covenant between Peter M. Hamilton, the relator herein, and Lyman E. Hamilton, his brother, a remote grantor of said Ratts, concerning the building, repair and maintenance of the fence line in dispute, then, in that case, I instruct you that he was a purchaser without notice and that said agreement or covenant did not run with the land as to said Ratts, and your verdict should be for the defendant." This instruction was refused by the court and its action thereon is challenged by appellant's motion for a new trial.

The relator's lands are located south of the partition fence and under the law (§7378 Burns 1914, *supra*), the duty rests on him to maintain the east half of that fence. The statute, however, clearly recognizes the right of adjacent landowners to contract and agree among themselves as to what portions of a partition fence shall be built and kept in repair by the respective parties in interest, and we have, then, to consider whether the contract in this case placed on Ratts the duty of maintaining the east half of the fence in question. A covenant running with land, so as to make the owner of one subject to the other, constitutes an easment or interest in said land and, as such, it can attach and continue only under such circumstances as are sufficient to charge the owner of the servient estate at the time of its acquirement with knowledge, actual or constructive, of its existence. A parol contract between adjacent landowners concerning the maintenance of a partition fence does not afford such notice, and the authorities are uniform to the effect that such an agreement does not

constitute a covenant running with the land. *Kentucky Central R. Co.* v. *Kenney* (1884), 82 Ky. 154, 156; *Kneale* v. *Price* (1888), 29 Mo. App. 227, 231; *Guilfoos* v. *New York, etc., R. Co.* (1893), 69 Hun (N. Y.) 593, 594, 23 N. Y. Supp. 925; *St. Louis, etc., R. Co.* v. *Todd* (1865), 36 Ill. 409. The construction above set out embodies this principle and should have been given at appellant's request. If it should appear that Ratts is, in fact, under no legal obligation to build the east half of the fence in controversy, it would follow beyond question that appellant could not be compelled to maintain the same on his refusal so to do.

Judgment reversed, with instructions to sustain appellant's demurrer to appellee's complaint and for further proceedings not inconsistent herewith.

Lairy, C. J., and Myers, J., concur in the conclusion.

Note.—Reported in 114 N. E. 692. Validity of oral agreement as to erection or maintenance of fence, Ann. Cas. 1912 C 470; whether a covenant to maintain a division fence is a covenant running with the land, 15 Ann. Cas. 57. See under (1) 26 Cyc 151, 162, 433; (3) 19 Cyc 471. Mandamus, facts uncertain, effect, 47 Am. Dec. 107.