HULL ET AL. *v.* BREEDLOVE ET AL.

[No. 13,358.   Filed March 8, 1929.   Rehearing denied June 7, 1929.]

*R. P. Bundy* and *E. C. Gullion,* for appellants.
*Rogers & Smith,* for appellees.

NICHOLS, J.—Action by appellees, praying an injunction restraining appellant, trustee, and appellant Brendel, from building at appellees' expense under the statute, the east end of a partititon fence which divided the lands of Brendel, on the north side of the fence, from the lands of appellees, on the south side of the fence.

Trial was had on the issues, and the court found for appellees that they were entitled to a permanent injunction, and rendered a judgment perpetually restraining and enjoining appellants from repairing or building a fence on the east half of the partition line between the lands of appellant Brendel and appellees.

From this judgment, this appeal. The error relied upon for reversal is that the court erred in overruling the motion for a new trial, presenting that the decision of the court is not sustained by sufficient evidence, that it is contrary to law, and that the court erred in excluding certain evidence.

Appellee Breedlove, partly as life tenant and partly as owner in fee, and appellee Maxwell as remainderman owned certain lands in Eagle township, Boone county, Indiana, lying immediately south of and adjoining the lands of appellant Brendel. The division line between these respective tracts of land runs east and west, Brendel's land being on the north and the Breedlove-Maxwell lands on the south. A partition fence of indifferent character was located on the partition line.

Appellant Brendel's mother died the owner of these lands, leaving a will in which she willed her lands one-half to appellant Brendel and one-half to her grandson, Roy Mayhew, and Edna Fay Peterson, her granddaughter. Appellant Brendel purchased the interest of these grandchildren in February, 1926,

and then became sole owner of the lands on the north side of the partition line.

There was already a constructed lawful fence on part of the west end of the partition line, and appellant Brendel began at the east end of that west part of the lawful fence, and constructed a lawful fence to a point half way along the partition line, thus making a lawful fence along the west end of the partition line. Appellant then notified appellees to build their half of the partition fence located on the east end of the partition line, and, on their refusal so to do, he notified the township trustee of the fact of having given notice to appellees to build the fence and of their failure so to do, and the trustee notified appellees of this fact, and that he would proceed to build the east end of the partition fence unless appellees constructed the same. Appellees then brought this action, praying a restraining order against the trustee, and asking that he, as trustee, and appellant Brendel be enjoined from building or having built the east half of the partition fence.

Appellees' land lay south of the partition line, and, in the absence of an agreement to the contrary, under the law it was their duty to maintain the east half of the fence. §7920 Burns 1926; *Bartlett, Trustee,* v. *State, ex rel.* (1917), 186 Ind. 16, 114 N. E. 692.

Appellees testified that there was an oral agreement with appellant Brendel's grantors as to the part of the fence the respective owners should build, but there was no evidence that appellant Brendel had any notice thereof at the time he purchased the land. Such an agreement is not a covenant running with the land, and is not binding on a subsequent purchaser without notice. *Bartlett* v. *State, ex rel., supra.* In the absence of an agreement that binds appellant

Brendel, the statute governs, and it is appellees' duty to build the east half of the fence.

Judgment reversed.