(May 24, 1900.)

# POCATELLO WATER COMPANY v. STANDLEY.

[61 Pac. 518.]

PROPERTY DEDICATED TO PUBLIC USE—RULES AND REGULATIONS.— When a water company undertakes the performance of a public duty, it devotes its property used for that purpose to a public use, and may make such reasonable regulations for the conduct of such business as may be necessary.

RIGHTS OF WATER COMPANY.—*Held*, that a rule reserving the right to the company to make all taps of its mains and pipes, is a reasonable one.

SAME—LAYING MAINS AND PIPES.—*Held*, under its franchise, it is required to lay all mains and pipes in the streets and alleys of the city of Pocatello necessary to accomplish the purpose for which said franchise was granted, and, on proper demand, to tap and connect such mains or pipes with the private pipes of citizens of said city at the line of its franchise limits, to wit, the side lines of said streets and alleys.

SAME.—*Held*, that such connections and pipes within said limits so laid by the company, are part of the property of said company, and necessary to complete its said waterworks system, and necessary to accomplish the purposes for which said franchise was granted.

RIGHTS OF PLUMBERS.—The water company has no authority to enter upon the private property of the citizen, and lay its water pipes or to dictate to the citizen who shall lay his private water pipes for him. Nor, can it refuse to connect its water pipes with the private water pipes of a citizen that are laid to the line of its franchise limits, on the ground that such private pipes were laid by a plumber not selected by it.

DUTY TO PUBLIC.—*Held*, that the company must lay all necessary water pipes within its franchise limits, at its own expense.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

J. W. Eden and D. W. Standrod, for Appellant.

The Pocatello Water Company, a corporation, was formed for the purpose of supplying the city of Pocatello and its inhabitants with pure and wholesome water. It received from said city a franchise to lay in the streets of said city main and lateral pipes in which to convey the water to the said city and

the inhabitants thereof. The main and lateral pipes having been laid in the streets of the city for the purposes, were, by the action of the water company, dedicated to a public use. (*Franke v. Paducah Water Supply Co.,* 88 Ky. 467, 11 S. W. 432, 718,. 4 L. R. A. 265; *Haugen v. Albina Light etc. Co.,* 21 Or. 411, 28 Pac. 244, 14 L. R. A. 424; *Munn v. People,* 94 U. S. 113;. Idaho Const., art. 15, sec. 1.) When the company undertakes to say who shall exercise the trade of a plumber in making such connections, it is using a power in plain violation of the organic law of the state. (Idaho Const., art. 1, sec. 1; art. 11,. sec. 8.)

Thomas F. Terrell, Winter & Gyheen and Hawley, Puckett and Hawley, for Respondent.

It is well settled that parties who carry on a business which is public in its nature, or which is impressed with public interest, must serve all who apply on equal terms and at reasonable rates. (*City of Danville v. Danville Water Co.,* 180 Ill. 235, 54 N. E. 224; *Wagner v. City of Rock Island,* 146 Ill. 139,. 34 N. E. 545; *Munn v. Illinois,* 94 U: S. 113; *Rogers Park Water Co. v. Fergus,* 178 Ill. 571, 53 N. E. 363; *City of Danville v. Water Co.,* 178 Ill. 299, 69 Am. St. Rep. 304, 53 N. E. 118.) A *quasi* public corporation occupying or using the streets. of a city is also subject to the police powers of the city, which is the power to protect the public health, the public morals and the public safety of its citizens. (*N. O. Gas Co. ô. Louisiana L. Co.,* 115 U. S. 650, 6 Sup. Ct. Rep. 252.) If any of appellant's rights had been violated, the courts were open to him,. and *quasi* public corporations can be compelled to perform public functions by the writ of *mandamus.* (*Haugen v. Albina L. & W. Co.,* 21 Or. 411, 28 Pac. 244-248.) The respondent having lawfully obtained its franchise under sections 2710 to 2713 of the Revised Statutes, was given a right that became and now is property. (Rev. Stats., sec. 1451, sub. sec. 12, sec. 2642;. Dillon on Municipal Corporations, sec. 691.) It is such a vested property right that no subsequent legislation can alter, affect or impair. (Law of Incorporated Companies, 150, 152, 156, 191, 193, 199, 200, 201, 214, 1561; Teideman on Police

Powers, sec. 100 et seq.; *City of Rushville v. R. N. G. Co.,* 132 Ind. 575, 28 N. E. 853; *People v. Deehan,* 153 N. Y. 528, 47 N. E. 787; *People v. O'Brien,* 111 N. Y. 1, 7 Am. St. Rep. 684, 18 N. E. 692; *Albany Ry. Co. v. Brownwell,* 34 N. Y. 345; *New Orleans Water Works v. Rivers,* 115 U. S. 674, 6 Sup. Ct. Rep. 273; *Louisville Gas Co. v. Citizens' Gas Co.,* 115 U. S. 683, 6 Sup. Ct. Rep. 265; *N. O. Gas. Co. v. Louisiana L. Co.,* 115 U. S. 650, 6 Sup. Ct. Rep. 252; *St. Tammany W. Co. v. N. O. Water Co.,* 120 U. S. 64, 7 Sup. Ct. Rep. 405; *Citizens' Water Co. v. Bridgport Co.,* 55 Conn. 1, 10 Atl. 170; *Rockland Water Co. v. Camden R. W. Co.,* 80 Me. 544, 15 Atl. 785.) In the maintenance and operation of this water system the right necessarily follows to tap its mains and lay its laterals within its franchise limits. If this be done by others, it must be under the regulation and control of the owner of the franchise who could at any time prevent its being done by others. (*Blondell v. Consolidated Gas. Co.,* 89 Md. 732, 43 Atl. 817, 46 L. R. A. 187; *Washington Gas Co. v. District of Columbia;* 161 U. S. 316; 16 Sup. Ct. Rep. 564.) The respondent would be liable in damages for any injuries done by the bursting of defective mains or pipes, or improper or careless excavations. This would be true, whether respondent did the work itself, or permitted it to be done by others. (*Aurora Gas Light Co. v. Bishop,* 81 Ill. App. 493; *Armbruster v. Auburn Gas Co.,* 18 App. Div. 447, 46 N. Y. Supp. 158; *Butcher v. Providence Gas Co.,* 12 R. I. 149, 34 Am. Rep. 626; *Koelsch v. Philadelphia,* 152 Pa. St. 355, 34 Am. St. Rep. 653, 25 Atl. 522; *Smith v. Boston Gas Co.,* 129 Mass. 318; *Topeka Water Co. v. Whiting,* 58 Kan. 639, 50 Pac. 877; *Esberg Cigar Co. v. Portland,* 34 Or. 282, 75 Am. St. Rep. 651, 55 Pac. 961; *Rockport G. & L. Co. v. Ernst,* 68 Ill. App. 300.)

SULLIVAN, J.—This action was brought by the respondent company against the appellant, who is by occupation a plumber, to enjoin and restrain him from in any manner tapping the mains and laterals of the respondent's water system, or from in any manner interfering with or molesting its valves, cocks, shutoffs, or other property or appliances, or from approaching within such distance of its mains or laterals, by excavation or

otherwise, as will subject the same to injury or damage by freezing or being broken by exposure.    It is alleged in the complaint and admitted in the answer that respondent has been lawfully granted a franchise by the city of Pocatello to maintain and operate a complete system of waterworks, and the right of way over, along, and under all of the streets, alleys, and public highways of said city for the purpose of laying its mains, pipes, laterals, and conduits through which to furnish said city and its inhabitants with water for municipal and domestic purposes. It is also admitted that the respondent accepted said franchise, and has laid its mains, pipes, and conduits, and has complied with the terms of said franchise in the construction of said system of waterworks, and has been supplying said city and its inhabitants with water by means of said system for many years. The appellant is a plumber, and engaged in the plumbing business in said city, and claims the right to go upon said streets and alleys within the franchise limits of the respondent, and tap its mains and laterals, and make connection therewith for prospective consumers of water who have employed him to lay pipes for them.    It is not the prospective consumer of water that is complaining in this action, and it is not claimed that respondent has at any time failed or neglected to make the proper connection between the private pipes and the company's main and furnish or supply water to anyone upon reasonable demand or notice; and it is conceded by respondent that it is its duty to make such connection and supply water to any and all persons residing in said city who desire it.    The real point in issue is, Can the respondent prevent the appellant by injunction from tapping its mains and laterals, and connecting therewith private service pipes leading from such connections to the private premises of persons desiring to use the water supplied by said company, when the company has not refused to make such taps or connections?    That is the issue presented by the pleadings, and on motion by counsel for respondent the court below granted judgment on the pleadings, from which this appeal is taken.

It is conceded at the outset that the waterworks constructed under said franchise were dedicated to a public use, and are subject to public regulations; but it is not conceded that by such

dedication the owners abandoned control and reasonable management thereof. Respondent was granted its corporate existence to enable it to serve the public. The duty devolves upon it to furnish water, for reasonable compensation, to its inhabitants, without unjust discrimination, and the power is in the city, or a citizen thereof, under the law to enforce the performance of that duty. Under its charter the respondent company is permitted to control and use its property for the purposes contemplated, and to make such reasonable rules and regulations for the conduct of its business as may be just to their patrons. The record shows that respondent has made rules for the conduct of its business, and one of its rules contains the following clause, to wit: "Taps.—All taps are made by the company on the application of the plumbers. Notice that taps are wanted must be filed in writing, stating the number of the street, the name of the applicant, name of the plumber, and time wanted. Notice must be given at least twenty-four hours previous to the time when excavation is begun." By that rule the company is required to make all "taps," and it seems to the court that that is a reasonable regulation. The company would be responsible in damages arising from the defective tapping of its mains and pipes, and it is but right that it should do that work, or supervise the doing of it. Great damages might result from a defective "tap," and the company be responsible in damages therefor. (*Aurora Gas Light Co. v. Bishop*, 81 Ill. App. 493.) If the responsibility rests on the company to keep its mains and pipes in good repair, so that no damage shall result therefrom, it must have reasonable and sufficient control over them for that purpose.

The fact that private property is affected with a public use does not confer upon the citizen the right to interfere with the management and control of the property. Such management and control is vested in the owner, subject only to the law that authorized and granted the franchise. Under the said franchise the respondent has been granted the right to lay its mains and pipes "over, along, and under" the streets, alleys, and highways of said city for the purpose of supplying said city and its inhabitants with a sufficiency of pure water.

It had the authority to lay all of the mains and pipes in said streets and alleys necessary to accomplish the purposes for which said franchise was granted. It is obliged to lay its mains and pipes in said streets and alleys, and deliver water to the consumers at its franchise limits, and to the line of the premises of the consumer, if such premises border on said franchise limits. The respondent has been granted a valuable right— that of laying its mains and laterals in the streets and alleys of the city—in consideration that it will furnish water to said city and its inhabitants. The company is under obligation to lay its pipes in the streets and alleys so as to make the water accessible to the citizen for his private use. It is given the right, within its franchise limits, to lay all pipes and make all connections with its mains and laterals. Beyond those limits it has no authority to enter upon the private premises of a citizen and lay its pipes. Neither has the citizen any right to enter within the franchise limits of the company, and in any manner interfere with its mains and pipes. When the company undertook the performance of this public duty, it devoted its property, including its mains and laterals, to a public use; and, while it will be permitted to control and use its property for the purposes contemplated, it cannot refuse to connect its mains with the water pipe of the citizen needing water, or dictate to the citizen who shall lay the necessary pipes on his own private premises. The only question, however, before us on this appeal is, Has the company the sole right to tap its mains and laterals whenever that is necessary to be done to furnish private citizens with water? We answer that question in the affirmative. Considering that the company has the control of its property for the purposes named in the franchise, and the liability of the company arising from defective tapping of its pipes, we think it reasonable and just that it be permitted to make all taps, as provided by said rule, and such material as is necessary to be used in making such taps, and the pipes used in conveying the water from the tap to the franchise limit of the street or alley having been furnished by the company belong to it, and are a part of its system. It cannot compel the user of water to pay for such work or pipes, but it may require him to pay

reasonable compensation for furnishing him the water. In other words, the company cannot compel the citizen to pay for a part of the system of waterworks it has agreed to construct, but it must construct its own system within its franchise limits, at its own expense. It cannot compel the user of water to pay for any part of such system. Beyond the franchise limits, the user of water must lay his own water pipes at his expense, and within such limits the company must lay all pipes at its expense.

Counsel for appellant rely upon *Franke v. Water Supply Co.,* 88 Ky. 467, 11 S. W. 432, 718, 4 L. R. A. 265. By consent of counsel a copy of the petition and amended petition or complaint were submitted to the court for its inspection. It is alleged therein, among other things: That the city of Paducah gave the water company exclusive right to dig up the streets, alleys, and sidewalks of said city for the purpose of laying its water mains, conduits, and water pipes, and that defendant owns all of the pipes in the main part of the streets and alleys out to the curbstone on the edge of the sidewalk, but does not claim to own any part of the pipes from the curbstones to the abutting lots; and all of the pipes from the curbing along the sidewalk across the sidewalk on into the lots and houses are owned by and are the property of the owners of the lots; and that said pipes, from the curbstone to said houses, are kept in repair by such owners. That the water company adopted an unreasonable rule, by which said company requires all plumbers to obtain a license from it, and give a bond in the sum of $1,000. That thereafter the plaintiff made contracts with citizens to do their plumbing within their lots and across the pavement or sidewalk to the curbstone, but was compelled to cancel said contracts because the water company refused to give a permit to cross the sidewalk, and also refused to connect its mains or pipes with any plumbing the plaintiff might do. That plaintiff informed his employers of those facts, and also informed them if they would get the permit for him to lay their pipes across the sidewalk to the curbstone, and would get the company to connect its water mains with the pipes so laid by him, he would do the work. That they each made application for the permit, and also for the company to connect its mains with

such pipes after they were laid by the plaintiff, all of which was refused by the company, unless they would get some other plumber than plaintiff to do their plumbing. In that case the water company refused to connect its mains with any plumbing done by plaintiff. In the case at bar the water company seeks to enjoin the defendant from tapping its mains. It has not refused to make the proper tap, and to connect the mains with any plumbing defendant has done or may do. It has not refused to tap its main. It has only refused to permit the appellant to tap it. While in the Kentucky case above cited the water company refused to connect its mains with any pipes put in by said plumber. In that case the court says: "It is insisted that the company, under its charter, can select the person who is to contract with the citizens, and that no one without a license from that corporation can discharge such a duty." And the court rightly holds that the city could not delegate the power to said corporation to determine who shall exercise the trade of a plumber, and dictate to the citizens as to whom they must employ to do their plumbing. The petition in that case clearly shows that the water company refused to permit the plumber to lay the pipes of private parties across the sidewalk to the curbstone, where they could be connected with the company's mains, and also refused to connect the mains with any pipes laid by him. There is language in the opinion that would indicate that the question as to whether the plumber had the right to make the connection was put in issue by the pleadings, but the petition shows that such could not have been the case, as it is alleged in the petition that the water company refused to connect said mains with any plumbing done by the plaintiff. The issues in that case were not the same as the issue in the case at bar. No question as to the authority of the city to delegate to the water company power to grant licenses to plumbers is involved in the case at bar. The judgment of the court below is affirmed, with costs in favor of respondent.

Huston, C. J., and Quarles, J., concur.