INTERNATIONAL WATER COMPANY V. CITY OF EL PASO.

Decided June 13, 1908.

**1.—Mandamus—Public Service Corporation—Performance of Contract—Parties.**

A municipal corporation may maintain a suit by mandamus to compel a public service corporation (in this instance a water company) to comply with its contract with the city to supply the inhabitants with water. The city is the proper plaintiff, rather than the individual private citizen, to compel the performance of its duty to the public by such a corporation.

**2.—Same.**

In order to constitute existing legal remedies a bar to the use of the extraordinary remedy by mandamus, it must appear that the legal remedies are specific and appropriate to the particular circumstances of the case; otherwise or if the remedies are inadequate to afford the party aggrieved the particular right which the law accords him, mandamus will lie. This rule applied in a suit by a city to compel a water company to make connections between its water mains and the premises of the citizens, and to bear the expense of doing so.

**3.—Town—Water Company—Contract Construed.**

A contract between a town and a water company considered, and held to require the company to make all connections between its water mains and the premises of citizens desiring to use the water, and to bear the expense of same, and that such construction of the contract was not in violation of the constitutional rights of the defendant by impairing the obligation of its contract with the city, nor by the taking of its property without due process of law or compensation.

**4.—Contract—Construction by Mayor, not Binding on City.**

Concerning the construction of a contract between a city and a water company, a statement by the mayor in open council considered, and held not binding on the council or the city.

Appeal from the 34th Judicial District, El Paso County. Tried below before Hon. J. R. Harper.

*Turney & Burges,* for appellant.—That J. Hise Myers, for whom the city of El Paso brings this action, could not sue is already established. House v. Houston Water Works Company, 88 Texas, 233, and authorities cited.

If Myers could not sue for himself and as the city, as such, shows no right of recovery in itself, then a suit for the use and benefit of Myers

would not lie. Kansas City v. O'Connell, 12 S. W., 791; Taylor v. Dunn, 80 Texas, 652 and 673.

Mandamus will not lie upon the case pleaded. (a) The law imposed no duty on appellant to either furnish pipe connection or to furnish water. Rev. Stats., arts. 705, 706. (b) No duty being imposed by law, mandamus can not be resorted to for either the making of a contract or the enforcement thereof. Texas Mex. Ry. Co. v. Jarvis, 80 Texas, 466; San Antonio Street Ry. Co. v. State, 90 Texas, 520; High's Extraordinary Legal Remedies, sec. 25, p. 33; State ex rel. Star Pub. Co. v. Associated Press, 51 L. R. A., 155; New Orleans, etc., Association, 83 Am. St. Rep., 230; Florida, etc., Ry. Co. v. State, 34 Am. St. Rep., 30; Galveston & West. Ry. Co. v. Galveston, 90 Texas, 398; Shrewsbury v. Ellis, 64 S. W., 700; High's Ex. Legal Remedies, sec. 415a, p. 407, also sec. 321, p. 303; State ex rel Mount Pleasant Cemetery Co. v. Patterson, Newark, etc., Ry. Co., 43 New Jersey Law Rep., 505; United States v. Lamont, 155 U. S., 305-308; Lawyers' ed., Book 39, 163.

*Caldwell & Sweeney* and *Denman, Franklin & McGown,* for appellee. —Since the ordinance and contract in express terms and by fair implication required the Water Works Company not only to lay mains in the streets, but also to lay from such mains to the property lines, pipes as a part of its system for the purpose of supplying water to consumers, the court below properly awarded the writ of mandamus compelling the Water Works Company to lay pipes from its mains to the property lines of the adjacent properties where consumers desire to take water. San Antonio Street Railway Co. v. State, 90 Texas, 520, and authorities therein reviewed; Palestine Water & Power Company v. City of Palestine, 91 Texas, 540; Cleburne Water, Ice & Lighting Co. v. City of Cleburne, 13 Texas Civ. App., 141; Kimberly v. Morris, 87 Texas, 637; Pocatello Water Co. v. Standley, 61 Pac., 518; People v. Suburban Ry. Co., 53 N. E., 349; City of Potwin Place v. Topeka Ry. Co., 33 Pac., 309; Haugen v. Albina Light & Water Co., 28 Pac., 244; State v. Butte City Water Co., 44 Pac., 966; Act incorporating City of El Paso, sec. 56 and sec. 57; Gammel's Laws of Texas, vol. 9, p. 1271.

JAMES, CHIEF JUSTICE.—The petition of the city of El Paso alleged in substance, omitting allegations upon which no controversy arises:

That, by ordinance of date November 3, 1902, the city of El Paso granted to W. J. Davis and his assigns the right, power, privilege and franchise to construct, operate and maintain in said city a water works system for the purpose of supplying said city and its inhabitants and consumers of water therein with Mesa water, a copy of said ordinance being attached to the pleading.

That on the same day Davis accepted said franchise and entered into a contract with the city wherein, for himself and his assigns, he agreed to do and perform all the things required of him and of his assigns by the terms of said ordinance, a copy of which contract was also attached.

That by the terms of said ordinance said Davis and assigns were and are bound to furnish water to the city of El Paso and to all inhabitants and to all consumers in said city at the price and charge in said ordinance stated, which price and charge was and is based upon the amount of

water consumed, and not upon the cost to said Davis and his assigns of connecting the consumers' premises with the system and mains.

That prior to January 1, 1905, the said franchise granted to Davis was assigned to the defendant, the International Water Company, and it assumed all the obligations and duties imposed on said Davis.

That prior to October 4, 1907, the defendant constructed and operated and has continued to operate in said city a water works system, but, on said date and ever since, it has failed and refused to furnish the said city and its inhabitants and consumers water at the price and charge stated in said ordinance and contract. That it is the duty of defendant, at its own cost and expense, wherever it has a water main in any street in front of the premises of any inhabitant of said city, or of a person owning real estate in said city, where such inhabitant or owner desires to become a consumer of water, to lay a connecting or supply pipe from its said main to the premises of said inhabitant or owner who desires to become a consumer of water.

That the water mains of defendant are almost invariably laid along the center of the streets of the city and such connecting pipes from its mains to the premises of the inhabitant or owner will be entirely laid in the public street; that defendant has the right to lay and repair such pipes in the streets from its mains to private premises, but the inhabitants and owners of premises in the city have no right to lay or repair such pipes in the streets.

That defendant wrongfully refuses to lay such connecting pipes unless the inhabitants or property owners will pay the expense thereof, and wrongfully refuses to maintain said pipes in good order for more than a year after they are laid.

That particularly on October 4, 1907, defendant wrongfully refused, though duly requested to do so, and though it had a water main on the street in front thereof, to lay a connecting pipe from said main to the premises of J. Hise Myers (describing two lots) though the said Myers was then and there an inhabitant of said city and desired to become a consumer of water upon said premises, and defendant still refuses to lay said connecting pipe, unless Myers would defray the cost thereof.

That the various refusals herein mentioned are an unlawful attempt on its part to make the inhabitants and consumers of water pay a greater price and charge for water than is allowed by said franchise and contract. That by such refusal the danger of fire is greatly increased and water closets can not be connected with the city sewer to the great danger of the public health, and by failure to repair connecting pipes the streets are rendered dangerous and unserviceable as thoroughfares, all in flagrant violation of the duties and obligations of defendant under its franchise.

That defendant is a public service corporation, having a monopoly of the water supply in said city and it is its duty, at its own cost and expense, to lay connecting pipes from its main to the premises of consumers.

That great and irreparable injury has been and is inflicted upon the city and its inhabitants by reason of the premises, for which it has no adequate remedy except by mandamus, which is prayed to compel defendant, at its own cost, wherever it has a water main in the street in

front of the premises of an inhabitant or owner of property in the city and such inhabitant or owner desires to become a consumer of water, to lay and maintain across the street in good repair a connecting pipe from the main to said premises, and to supply said person with Mesa water at the price and charge allowed and provided for by its franchise from and contract with the city, and that upon final trial the mandamus be made perpetual.

From defendant's brief we state its pleadings substantially as follows: Besides general demurrer and denial it pleaded several special exceptions to the petition based upon the following grounds:

A special exception that defendant is not obligated by law to supply water to the city or its inhabitants for any purpose or price.

Another special exception, No. 4, is that the petition shows that plaintiff is not entitled to the writ of mandamus, and, if entitled to any relief, it consists in paying or causing to be paid the cost of connecting the premises of Myers with the main and recovering from defendant the cost, if such cost should be borne by the defendant.

Special exception No. 5, upon the ground that, if there was any inconvenience to the city or its citizens, it could be prevented by the expenditure of a small sum of money, and if defendant was liable therefor, the same could be compensated through an action for damages.

Special exception No. 7 is that the petition as a whole showed no grounds for mandamus, and did not show that plaintiff did not have an adequate remedy at law, other than such writ, which would not meet all the matters and things demanded by plaintiff.

Special exception No. 8 is that said ordinance and contract show that the rates fixed and to be charged by defendant were only for the benefit of those persons having pipe connections with the mains of the defendant, and the petition does not show that Myers, or any other applicant for water, wants the benefit of said fixed rates to persons having said connection, or demands connections independent of said fixed rates, and said petition is therefore vague, indefinite and uncertain.

For special answer the defendant alleged that it was the duty of all persons desiring water to make the necessary connections with the mains at their cost; that the rate charged was lower than would have been if defendant had to make such connection at its own expense; that under said ordinance and contract defendant never intended, and does not now intend, to supply consumers not having their own pipe connections with the mains, at the price fixed by said ordinance and contract. That the custom and practice of defendant is and has always been to furnish such connections at actual cost to persons desiring them, and after so made the same are the property of the consumer, which custom and practice existed prior to the granting of the amended franchise granted on August 26, 1907, that this was known to be the rule and custom by the city council at the time the amended franchise was granted, and the rates for water fixed thereby. That the rate fixed thereby was the very lowest that could possibly be maintained for supplying water. That it was in view of this practice that such rates were agreed on, and to compel defendant to furnish water at said rates and at the same time to assume the burden of paying for the connections would make it impossible for defendant to operate its business without constant and continuing loss;

that no such thing was in contemplation of either party to the franchise and contract, and that such requirement would amount to confiscation, and taking of property without due process of law, and an impairing of the obligations of the contract.

Also that, long prior to the granting of the original franchise to Davis, it was the custom in El Paso and elsewhere in the southwestern country and throughout the United States for water companies to make a reasonable charge for all pipe connections between mains and property lines, which custom was well known to the city of El Paso, its mayor and council, when they granted the original franchise in 1902, and since granting same up to the granting of the amended franchise in August, 1907, and that said amendment, as well as the original franchise, contained this provision:

"That the said International Water Company, and its assigns shall furnish Mesa water to all consumers at the price and charge herein set forth as follows, to wit: Not to exceed the sum of twenty cents per thousand gallons for all purposes other than those herein and in the original franchise to W. J. Davis, enumerated, provided a minimum charge of ninety cents per month may be made to all consumers of water having pipe connections with the mains belonging to the said International Water Company and its assigns."

The court overruled all the demurrers, and upon a trial entered judgment for the city, granting the writ of mandamus, in substance requiring defendant to lay and maintain at its own cost and expense a connecting or service pipe from its mains to the premises of any and every inhabitant of the city of El Paso, and to those of any and every person owning property therein, when such inhabitant or owner desires to become a consumer of water to be furnished by defendant, and when there is no such pipe already in existence. Said connecting pipe to be made and maintained when it has a main in the street, alley or public ground in front of the premises of such inhabitant or owner and shall extend from such main to the line dividing his premises from the street, alley or public ground; "but nothing in this judgment contained shall require said defendant to lay or to maintain any such service or connection pipe in any place that is not a part of the public streets, alleys, grounds or squares of the city of El Paso; also nothing herein contained shall require said defendant to lay or maintain such connecting or service pipe beyond its franchise limits."

The judgment orders defendant to maintain at its own expense all such connecting pipes of the nature and in the places aforesaid, which it now uses to supply consumers. And, finally, the judgment decrees particularly that defendant is to lay and maintain at its own cost and expense a connecting or service pipe from its main in front of Myers' premises to the line dividing said premises from the street. That nothing in this judgment shall bind defendant to maintain any service or connecting pipe, after the person occupying the premises supplied thereby ceases to be a consumer, or to lay any additional pipe to said premises of Myers, if the said connection has already been made.

Appellant's first assignment of error is presented as a proposition, but it embodies various propositions. However, what appellant contends for under it is found in a separate proposition, as follows:

"Appellee's petition nowhere stated any facts authorizing the city of El Paso in its corporate capacity to institute and maintain any suit or action for the use and benefit of either J. Hise Myers, or any other person, known or unknown; nor could said petition have been so framed as to state a cause of action in behalf of said J. Hise Myers, or any other person, growing out of the facts alleged, because a municipal corporation, such as is the city of El Paso, has no authority, expressed or implied, for the lending of its name for the bringing of any such suit or for suing in its name for the use and benefit of private persons for the redress of their private wrongs, but on the other hand, said city of El Paso, and cities similarly situated, can under the facts alleged only bring and maintain a suit for the protection of a right to which the city, as such, is entitled, and as this action was in nowise for the benefit of the city of El Paso, as such, the same could not be maintained and the general demurrer should have been sustained."

The point is that a municipal corporation can, in its corporate capacity, maintain a suit only for the protection of a right to which the city, as such, is entitled, and this action is in nowise for the benefit of the city, as such, but for the benefit of private persons, for the redress of their private wrongs.

The petition proceeds upon allegations which showed an ordinance and a contract in the terms of the ordinance, which, as construed by the trial judge, imposed upon the respondent company a public duty, to wit: the duty to lay, at its own expense, connecting pipes from its mains to the property line of abutting property owners, when requested to do so. The refusal to perform this duty is alleged.

The question, upon which the case of San Antonio Street Ry. Co. v. State, 90 Texas, 520, turned, is not involved here, because Davis and his assigns obligated themselves to do and perform all things provided for them to do in connection with the grant. The cases hold that where a duty to the public is imposed and undertaken as a condition of the grant of this kind by a city, the corporation may be compelled by mandamus, at the suit of the municipality, to perform the duty. San Antonio Street Ry. Co. v. State, *supra;* Kimberly v. Morris, 87 Texas, 637; City of Chicago v. Chicago Tel. Co., 82 N. E., 607; Cleburne Water Co. v. City of Cleburne, 13 Texas Civ. App., 141.

The contract, based upon the ordinance, was with the city of El Paso, and the city was properly the plaintiff in suits relating to the enforcement of any duty imposed thereby upon the respondent of a public nature. The question of whether or not the duty of laying pipes at its own cost to connect with property adjoining the streets containing mains, was imposed, will be considered under the next assignments, which relate to the overruling of special demurrers. In this connection we may state that the difference between contracts of this nature and those made by a city that partake of the character of private contracts, and therefore not the subject of mandamus, is clearly pointed out in Chicago v. Chicago Tel. Co., 82 N. E., 607.

These special demurrers were as follows: "Further excepting to plaintiff's original petition filed herein, this defendant says that the same is insufficient in this: That this defendant is not obligated by law to supply the city of El Paso or the inhabitants thereof with water for any

purpose at any price, and said petition does not show that this defendant is obligated by contract to supply the city of El Paso and the inhabitants thereof with water, or the terms of said contract, if any exists, with such reasonable certainty as to show this defendant liable either to the plaintiff or any inhabitant of the city of El Paso in the premises, and as to this defendant prays the judgment of the court."

"Further specially excepting herein, this defendant says that said petition is insufficient in this: That it shows upon its face that the plaintiff is not entitled to a mandamus, in that if it is entitled to any relief in the premises it is not the relief of the extraordinary writ of mandamus, but that it could protect itself fully in the premises by paying or causing to be paid the costs of connecting the premises of J. Hise Myers with the mains of the defendant company and recovering from the defendant the cost and value thereof, if the said costs should be borne by this defendant and not by the said J. Hise Myers, and as to this it prays the judgment of the court."

"Further specially excepting to plaintiff's said petition, this defendant says that it appears from the face of the petition that any inconvenience that this plaintiff or any citizen of El Paso is suffering at the hands of this defendant, or with which it is or they are threatened, could be prevented by the expenditure of a small sum of money, and full compensation and redress could be obtained by any person entitled thereto against this defendant in any action for damages, it not appearing that the defendant is insolvent or is not amply able to respond in damages for any infraction of any right or duty owing by it to this plaintiff, and as to this it prays the judgment of the court."

These demurrers were properly overruled, because the remedy or remedies suggested were not adequate, in the sense they would afford the relief of the character sought by this proceeding. In High on Extraordinary Remedies, section 17, it is stated: "It is to be borne in mind in the application of the principle under discussion that the existing legal remedy relied upon as a bar to interference by mandamus must not only be an adequate remedy in the general sense of the term, but it must be specific and appropriate to the particular circumstances of the case. That is, it must be such a remedy as affords relief upon the very subject matter of the controversy, and if it is not adequate to afford the party aggrieved the particular right which the law accords him, mandamus will lie, notwithstanding the existence of such other remedy."

The city of El Paso had the right and it was the proper party to enforce the performance of the duties arising under the contract made with it and to protect the right of its citizens thereunder. It has the right to have the respondent perform the specific duty which the latter had assumed in the interest of the public, and could not be required to construct such connections itself and look to respondent for reimbursement, no such remedy having been provided in the contract.

Another special exception which was overruled reads as follows: "For further special exception this defendant says that plaintiff's petition shows no cause of action in this, that the said ordinance and the contract made thereunder show the rates fixed by said ordinance and said contract to be charged by this defendant were only for the benefit of those having pipe connections with the mains of this defendant, and said peti-

tion does not show whether the said Myers or any other applicant for water wants the benefit of said fixed rates to persons having said connections, or wants connections independent of said fixed rates, and said petition is therefore too vague, indefinite and uncertain, and as to this the defendant prays the judgment of the court." This exception depends on the proper construction of the terms of the ordinance and contract, which subject we shall deal with in connection with those assignments of error which complain of the court's conclusions of law.

The eighth, ninth and tenth assignments complain of the first conclusion of law which is, "That it is the duty of the defendant to lay and maintain at its own cost the service or connecting pipe between its mains and the premises of the consumer when it has a main laid on the street in front of the premises of the consumer." This conclusion is attacked as being unsupported by and against the evidence in view of the following provision in the ordinance and contract with Davis in 1902: "The said W. J. Davis and his assigns bind themselves to furnish said Mesa water to all consumers at a price and charge never to exceed the prices and charges herein set forth as follows, to wit: The sum of twenty cents per thousand gallons for all purposes other than those herein enumerated, provided a minimum charge of ninety cents per month may be made to all consumers of water having pipe connections with the mains belonging to said W. J. Davis and his assigns." And the following provision in the contract and ordinance of 1907: "The said International Water Company and its assigns shall furnish Mesa water to all consumers at a price and charge herein set forth as follows, to wit: Not to exceed the sum of twenty cents per thousand gallons for all other purposes other than those herein and in the original franchise to W. J. Davis enumerated, provided a minimum charge of ninety cents a month may be made to all consumers of water having pipe connections with the main belonging to said International Water Company and its assigns."

Appellant's position is that the above fixed the charges for water, and applied said charges to consumers who had pipe connections, or who would make pipe connections with the mains; and as no other rate had ever been fixed, then, in order for consumers to get the benefit of the rate, they must be such as have or are willing to have at their own cost such connections, and as neither Myers nor any other person for whom the city complains is in such position, the conclusion is wrong.

The purpose of the provision quoted, which provision occurs in the contract in connection with the other provisions relative to the subject of charges for water furnished, was merely to fix a rate which the company would be allowed to charge consumers. It is true, the rate fixed was declared to apply to consumers having pipe connections, from which the inference is drawn by appellant that the consumers were to furnish or pay for connections with the mains. The provision is silent as to who should pay for such connections, but states that those who are so connected shall be furnished water at the rate fixed. When the whole contract is looked to it will be seen that the consumer was not granted the right to enter upon and excavate the street for any purpose whatever, but on the contrary this right or franchise was given solely to the respondent. The duty to perform this work and to lay the pipes was im-

posed upon it, in connection with the positive duty to supply the consumer with water.    The contract nowhere provides that the consumer shall pay for such work, but the only basis for any charge to the consumer is found in the rate fixed by said provision.    We think the failure to provide that the consumer should pay said rates and also the cost of making the connection with his property, rather indicates that he was not to bear the cost of the latter.

However, if said provision be taken as indicating by inference that the consumer was to bear such cost, the contract in other respects is repugnant to giving it that construction.    Primarily, the duty to furnish water to property owners on streets containing mains, carried with it the duty to do and perform what was necessary to be done to place the company in position to furnish the property with water.    It could not do this without connection to the property lines.    See Pocatello Water Co. v. Standley, 61 Pac., 518.    We think, in order for respondent to be able to claim immunity for this consequence, there would have to be some provision in the grant or contract which unmistakably, or at least by fair implication taking into consideration all the provisions of the contract bearing on the subject, would relieve it.

There is this provision in the ordinance and contract:  "And be it further ordained that all work of taking up pavements, excavating in or upon streets and sidewalks, or any public place, or any other excavations made by said Davis and his assigns, shall be done and performed in such a manner as to give the least inconvenience to the inhabitants of said city.    And all such places shall be repaired and left in as good condition and in the same condition as before being disturbed; and all such work or interference with the streets and other public places shall be done and performed with all convenient speed by the persons representing the said Davis and his assigns, and under the direction and supervision of some person appointed by the city council of the city of El Paso.    And all such work shall be done at the cost and expense of the said Davis and his assigns.    And in the event said streets, sidewalks, or other public places be not speedily repaired and replaced as herein contemplated, then the city of El Paso may replace and repair same and charge the expense thereof to the said Davis and his assigns, which expense is to be paid and collected by the city out of any sum or sums of money which may be due or to become due to the said Davis and his assigns under this ordinance and contract to be hereafter entered into by the city of El Paso."

It is not consistent with this express provision that the owner of property or any one except the respondent should bear the cost of excavating the streets, sidewalks, etc., and in view of this provision the effect which appellant claims for the clause under consideration, by implication, can not be reasonably given it.

The assignments eleven to fourteen complain of the second conclusion of law, which is:  "That the defendant by the writ of mandamus at the suit of the city of El Paso can be compelled to discharge the aforesaid duty."    This we have already disposed of.

The fifteenth and sixteenth assignments complain of the third conclusion:  "That the city of El Paso is entitled to the relief granted by the judgment of the court in this cause."    Under these it is claimed that

the judgment is erroneous in requiring the defendant company to run and install connecting pipes for every inhabitant of the city of El Paso regardless of the distance from the mains to the property line of the inhabitant, and also erroneous because under the pleading the court was without authority to so order, and because the facts and circumstances surrounding any other application than that of J. Hise Myers were not before the court and the court had no right to pass upon the same or enter any order relative thereto.

It will be seen that the judgment only requires pipes to be laid from the main in the street to the property line on the street, and only upon streets where it has water mains. We think, upon the other question suggested, that the city had the right to mandamus respondent in reference to its duty to the inhabitants generally; and that the city was not required to apply for such in each individual case as it might arise. Respondent had repudiated the duty in general.

Another objection to the judgment is that the connecting pipes already installed were installed under contracts with the consumers, and the cost of same was paid for by the consumers with the agreement and understanding that they should defray the cost of maintaining said pipes for one year; and the effect of the judgment is to nullify said contracts, is retroactive and places a burden on the defendant company not provided for in its agreement and ordinances and contracts with the city and destroys private contracts and agreements made between it and the city.

We fail to understand how the city would be deprived of the right to the mandamus sought and granted in this case, by the fact that respondent had such contracts with consumers. These contracts, if it was the duty of respondent to lay and maintain the pipes they refer to at its own cost, as we hold herein, were not binding, and they constituted no valid obstruction to that part of the judgment which reads: "The said defendant is further ordered to maintain at its own expense all such connecting pipes of the nature and in the places aforesaid, which it now uses to supply consumers with water in the city of El Paso."

The assignments seventeen to twenty are overruled. The city was a proper party to ask for the mandamus in the interest of J. Hise Myers, as well as of its other inhabitants. The other matters suggested under these assignments have been sufficiently discussed.

The point made by the twenty-first assignment, in effect, that the judgment involves a violation of the constitutional rights of the defendant by impairing the obligation of its contract with the city, and involves the taking of its property without process of law or compensation, must also be overruled.

The seventh assignment complains of the following finding of the court:

"That some time about the middle of the year 1906 the former mayor of the city of El Paso, who was then mayor of said city of El Paso, did state to an agent of defendant, to wit, its attorneys, in the council room of the city of El Paso, when the council was in session, substantially as follows: 'You hereafter will prepare a written bill to each applicant for water connections, which bill must show in detail the material used and the labor expended, and whatever else is done, so that each man may

know that he is paying the Water Company no more than the actual cost of making connection between the mains and the premises;' but that the said statement was the individual statement of the person making it, and was not the act or statement of the city council of the city of El Paso, and said statement did not influence defendant in entering into the contract required by the ordinance of August 22, 1907."

The contention is that the above amounted to a construction by the parties of the contract as to defendant's right to charge consumers for pipe connections, and that defendant was by such action of the council permitted to continue charging for same the actual cost thereof.

We think the court did not err in the finding. Reading the testimony of the attorney referred to in the finding and who alone testified, it is clear that what was stated by the mayor was not made the act of the council. The witness stated that the council was in session with a quorum present and were transacting business. That he did not remember that there was a vote of the council taken in this matter, that the mayor did all the talking, as he was in the habit of doing, and witness did not recollect that anybody else took part in the discussion; and that the mayor made the speech attributed to him. Nothing more was done, except that "we agreed to that, and the representatives of the company were told that the practice should be followed and a bill should be made in each case to show each resident what the actual cost of that connection was, and I understand that has been the practice ever since."

This evidence falls short of showing any legislative act, or any act at all, of the council upon the matter. The judgment is affirmed.

*Affirmed.*

Writ of error refused.