PINE BLUFF CORPORATION v. TONEY.

Opinion delivered October 31, 1910.

WATERWORKS—DUTY AS TO LAYING SERVICE PIPES.—Where a water company obligated itself to supply water to the city and its inhabitants, and acquired the right to use the streets, alleys, sidewalks, and public grounds of the city for placing "mains, hydrants and other structures and devices requisite for the service of water," it was its duty to lay the service pipes from the mains to the curb line without charge to the consumer.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Bridges, Wooldridge & Gantt,* and *A. R. Cooper,* for appellant.

1. The ordinance of 1887 is a contract which comes within the protection of that clause of the Federal Constitution which prohibits the passage of laws impairing the obligations of con-

tracts. 172 U. S. 1, 9; 70 Ark. 300, 303; 208 U. S. 590; 181 U. S. 142; 189 U. S. 207. The contract does not place the burden of installing service pipes upon the water company. If it had been intended that appellant should bear this burden, it would have been expressly set out in an appropriate clause in the contract. It is the duty of the consumer to install, maintain and repair the service pipe from the main to the curb line. Farnham on Waters and Water Rights, 752, 879; 4 N. D. 478, 61 N. W. 1030; 11 S. W. 432, 88 Ky. 467; 94 Pac. 1080; 79 N. W. 249; 35 Pac. 693; 39 Pac. 562.

2. If the contract is ambiguous as to the duty to install and repair the service pipes in question, then it should be construed under the same rules of construction as are contracts between individuals, *i. e.,* so as to arrive at the intention of the parties, and with due regard to the custom of the country at the time of making the contract, taking into consideration the construction placed upon the contract by the parties themselves as evidenced by their acts. 80 Ark. 108; 28 Cyc. 679, 680; 131 N. Y. 24; Farnham on Waters and Water Rights, 697; 35 S. W. 733; 53 O. 278; 34 Mo. App. 49; 28 N. Y. Supp. 614; 46 Mo. 121; 17 La. Ann. 190; 16 L. R. A. 485; 55 S. W. 1003; 55 Ark. 414; 52 Ark. 65; 78 Ark. 202; 88 Ark. 363; 46 Ark. 222; *Id.* 210; 58 Ark. 565.

3. The city, having for twenty-two years permitted appellant and its grantors to charge for the installation and repair of service pipes, or to have same installed and maintained at the consumer's own expense, is estopped to compel appellant to render this service free of charge. 92 Ark. 546; 87 Ark. 389; 47 Ark. 269; 76 Fed. (C. C. A.) 271.

4. The city council has no power to enact an ordinance determining who shall pay for the installation and maintenance of service pipes by water companies. 70 Ark. 4; 20 Ark. 351.

*W. B. Sorrells,* for appellees.

1. There is no ambiguity in the contract; but if it was doubtful or ambiguous, it would be construed in favor of the public as against the appellant. 19 Cyc. 1459, and authorities cited.

2. By section 1 of the franchise appellant assumed the duty of supplying the inhabitants of the city with water and

required it to lay mains, structures and devices requisite for this purpose. It must lay all necessary water pipes within its franchise limits at its own expense. 7 Idaho 155; 30 Am. & Eng. Enc. of Law, 439; 112 S. W. 820; 24 L. R. A. (N. S.), 487; 104 Pac. 670; 92 Pac. 533; 3 Ch. (1894), 513; 27 Am. & Eng. Enc. of Law, 419.

3. The inhabitants would have no right, under the franchise or under the statute law, to lay water service pipes in the streets. See section 15 of franchise; Kirby's Digest, § 2932; 87 Me. 287.

BATTLE, J. A controversy arose between the city council of Pine Bluff and the Pine Bluff Corporation, the owner and operator of the water works in that city, as to whether it is the duty of the latter, under its contract with the city, to construct and maintain free of charge the service pipes, that is, the pipes constructed between the water mains in the street and the curb line between the street and private property, to convey water from the main. The city council, to enforce its views, passed an ordinance requiring the "water company"— Pine Bluff Corporation—to construct and maintain service pipes, after certain notice given, at its own expense, providing that the latter shall be subject to a certain penalty for a failure to do so. The water company brought suit to enjoin the enforcement of the ordinance, setting forth its contract with the city, and contending that under its contract it is the duty of the consumer to bear the expense of constructing and maintaining the service pipes. The defendant answered, and upon hearing the court found that it was the duty of the plaintiff to construct and maintain "service pipes from the water mains in the street to the curb line between the street and the property abutting or adjacent to said street free of charge," and so decreed, and plaintiff appealed.

The contract between the parties was an ordinance of the city council, accepted and acted upon by the Pine Bluff Water & Power Corporation. Section 1 of that ordinance is as follows:

"Section 1. There is hereby granted to the Pine Bluff Water & Power Company, its successors or assigns, the privilege of establishing and maintaining and operating water works within and near the city of Pine Bluff, Arkansas, for thirty years

from and after the passage of this ordinance (unless purchased by said city in the manner hereinafter provided) and for supplying the city and the inhabitants thereof, and of the adjacent territory, water pumped, clarified, by settlement or filtration, if needed, for public and private uses, and to use the streets, alleys, sidewalks and public grounds of the city of Pine Bluff, within its present and future corporate limits, for placing and taking up and repairing mains, hydrants and other structures and devices requisite for the service of water."

Section 5 is as follows:

"Sec. 5. There shall be no unreasonable or unnecessary obstruction of the streets, alleys, sidewalks or public grounds of said city by the said water company in constructing the works and in placing, taking up and repairing any mains, hydrants, structures and devices requisite for the service of water, and the said grantee, or his assigns, after using said streets, alleys, sidewalks and public grounds, shall restore them within a reasonable time, as nearly as practicable to former conditions, and shall hold the city harmless from any and all damages arising from any negligence or mismanagement of said water company or their employees in construction, extending and operating said works. Danger lights are to be kept burning at night along the line of street excavations, and temporary barricades are to be erected at night at end of trenches and at all streets and alleys where they cross said excavations."

Section 13 is as follows:

"Sec. 13. It is further provided and ordained that the contractors under this ordinance, their associates, successors or assigns may charge and collect, as their annual water rates, a tariff of prices equal to but not exceeding the average rates charged by the cities of Kansas City, Mo., St. Louis, Mo., Louisville, Ky., Nashville, Tenn., and Cincinnati, O. The meter rates shall range from five and one-half to eleven and one-half cents per one hundred gallons, daily consumption. The rate shall be payable quarterly or monthly in advance, at the option of the said contractors, their associates, successors and assigns."

After the Pine Bluff Water & Power Company, mentioned in the ordinance, accepted and acted upon it, and it thereby

became a contract between the company and city, the plaintiff acquired all the rights, privileges, franchises and property of the company, and became its successor. Thereafter the city council passed an ordinance requiring the plaintiff "to extend its service pipes from its main pipes in the various streets in the city of Pine Bluff, Arkansas, to the curb lines of said streets when so requested to do by the owner, or the owner's agent, of property abutting on said street," etc., and "to repair all service pipes at its own expense where the leak or failure is between its main pipes and the curb line of the property owned," etc. The last ordinance mentioned was amended by the city council of Pine Bluff; but under our construction of the contract of the parties it is unnecessary to set it out or consider it.

Is it the duty of appellant to construct and maintain the service pipes at its own expense, free of charge?

By section 1 of its contract it assumed the duty of supplying the city and the inhabitants thereof with water and acquired the right "to use the streets, alleys, sidewalks, and public grounds of the city of Pine Bluff, within its present and future corporate limits, for placing and taking up and repairing mains, hydrants and other structures and devices requisite for the service of water." The duty to furnish the city and inhabitants with water carried with it the duty to do and perform what was necessary to be done to place the company in a position where it could furnish the water. To do that the contract, section 1, expressly authorizes it "to use the streets, alleys, sidewalks * * * of the city of Pine Bluff * * * for placing and taking up, and repairing mains, hydrants and other structures and devices requisite for the service of water"—that is to say, the delivery of water to the inhabitants or city. The duty is assumed, and the power is given, by the contract to perform it. The property owner, the inhabitant or consumer has no right to lay the service pipes in the streets and connect them with the water company's mains, but this power is expressly given to water company, in connection with the duty it assumes, and to no one else, which implies that it shall lay the service pipes, at its own expense, for all of which the consumer is required to pay for the water furnished at certain rates specified in the contract. If it was not the intention of

the contract that the water company should lay the service pipes, why did the city council give it the power to do so, and withhold it from the inhabitant? It evidently intended that the water company should do so, free of charge, because it fixes the compensation to be paid by the consumer for services rendered him and says nothing about compensation for service pipes. How was it to render the services it undertakes without laying the service pipes, and where is the authority to collect from the consumer more than he is required by the contract to pay? There is none. *Pocatello Water Company* v. *Stanley,* 7 Idaho 155; *International Water Company* v. *El Paso,* 112 S. W. 820; *Bothwell* v. *Consumers' Company,* 24 L. R. A. (new series), 487.

Decree affirmed.