## BARTLESVILLE WATER CO. v. CITY OF BARTLESVILLE.

No. 4639.    Opinion Filed June 22, 1915.

(150 Pac. 118.)

1. MANDAMUS—Action by City—Right—Performance of Public Service. Mandamus will lie at the suit of a city to compel the performance of a specific public service by a corporation which has accepted its franchise imposing such service.

2. WATERS AND WATER COURSES—Water Companies—Duties —Service Pipes. Where a water company has been granted the privilege of constructing a waterworks system and laying its pipes in the streets, alleys, and public places of a city for the purpose of supplying the city and its citizens with water, it is the duty of such company, at its own cost, to lay and maintain

all laterals or service pipes required to be laid in such streets, alleys and public places necessary to deliver water to the consumer at the curb or franchise limits.

(Syllabus by Bleakmore, C.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Mandamus by the City of Bartlesville, Okla., a municipal corporation, against the Bartlesville Water Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*Sherman, Veasey & O'Meara,* for plaintiff in error.

*Burdett Blue,* for defendant in error.

Opinion by BLEAKMORE, C. This is an action commenced in the district court of Washington county on the 18th day of July, 1912, by the city of Bartlesville, seeking by mandamus to compel the Bartlesville Water Company, a private corporation, to furnish and maintain, at its own expense, service or connecting pipes in the streets or alleys from its water mains to the curb line, for the benefit of the water consumers. The peremptory writ was issued, and the water company has brought the case here for review.

On May 11, 1904, W. E. Mitchell, the assignor of the Bartlesville Water Company, by ordinance of the city of Bartlesville, was granted the right to construct, maintain and operate a waterworks system in said city for the purpose of supplying the city and its citizens with water. By section 1 of said ordinance it is provided:

"The right is hereby granted to W. E. Mitchell, his heirs, associates and assigns, who shall hereinafter in this ordinance be referred to as grantees, to construct, maintain and operate in the city of Bartlesville, I. T., for the purpose of supplying the city and its citizens with water,

a system of waterworks, for the term of twenty (20) years. And for the purpose hereof, the said grantees are here authorized to put in place and maintain in any of the streets, alleys and public places of said city, water pipes, hydrants, and all appurtenances necessary to supply water to consumers. All excavations made for that purpose shall be speedily refilled and the surface put in as good condition as before such excavations were made, or as near as possible: And provided, that said grantees shall indemnify the city from all liability, from damages to persons or property resulting from such excavations."

In the petition it is alleged:

"The said respondent, Bartlesville Water Company, is compelling the owners of property and residents of the city of Bartlesville who are its patrons and subscribers to bear the cost and expense of the laying and installation of service lines; *i. e.*, lines for the transportation of water running from the mains of said Bartlesville Water Company to the property or curb lines of said patrons, subscribers, or owners of the property to which the water is supplied, as the case may be, and that it enforces such compulsory payment of the expense of these connections by refusal to make such connections and afford applying subscribers and patrons any water supply, unless such patrons, subscribers, or owners of the property to which the water is supplied make such connections at their own cost and expense. That the company is further refusing to make repairs of any such service lines when the same become in a defective or leaky condition, unless the amount necessary for the cost of such repairs is paid by the patron, subscriber, or other owner of the property to which the water may be supplied, as the case may be."

The water company made response to the alternative writ as follows:

"It says that, when required to make water connections with its mains, it charges the consumer nothing for the material used in conveying the water from the mains to the curb, but that it usually charges him the actual

cost of the labor in digging down to the mains and making trenches to the curb, and the cost of the actual labor in refilling said trenches, and that the average cost of the same is $7.50, which includes the ordinary tap made in its mains. It says that this arrangement is usual in all cities of this class, and is not forbidden by the franchise, and has been practiced in this city with the consent and acquiescence of the city authorities and consumers since the first installation of waterworks in the city."

The questions presented for our consideration are: (1) Will mandamus lie at the suit of the city? and (2) do the facts justify the issuance of the writ?

I. In McQuillan on Municipal Corporations, vol. 4, sec. 1706, it is said:

"Where a provision of an ordinance is a legislative act touching a public duty, to which acceptance by the public service company lends the added force of a contract, it may be enforced by mandamus. Mandamus lies on behalf of a municipality to compel the performance of public duties owing by a public service corporation, growing out of the acceptance of a franchise. So a city may, by mandamus, compel a water company to perform its duty to extend its mains in a city, or to make the connections to supply consumers, or to connect the water with its sewerage system, or to furnish water for certain purposes free of charge, as required by ordinance."

In *Oklahoma City v. Oklahoma Ry. Co.*, 20 Okla. 1, 93 Pac. 48, 16 L. R. A. (N. S.) 651, an action in which the city of Oklahoma City applied for writ of mandamus to a street railway company compelling the performance of a public service in accordance with the terms of its franchise, it was held:

"When there is a grant and acceptance of a public franchise which involves the performance of a certain service, the person or corporation accepting such franchise can by mandamus be compelled to perform such service."

In *Oklahoma Natural Gas Company v. State of Oklahoma*, 47 Okla. 601, 150 Pac. 475, a case in which the writ was refused, Mr. Justice Turner uses the following language:

"Had, defendant accepted the terms of the act it might be likened to one who had accepted a grant of a public franchise involving the performance of a public service, and we might hold that, having accepted it, mandamus would lie to compel the performance of such service."

In *International Water Company v. City of El Paso*, 51 Tex. Civ. App. 321, 112 S. W. 816, it was held in the syllabus:

"Where a company possessing the franchise to supply a city and its inhabitants with water, refused to construct, at its cost, a connecting pipe to supply a consumer with water, the city was the proper party to ask for mandamus to compel the company to perform its duty, not only in the interest of such consumer, but in the interest of other inhabitants as well."

In *Seymour Water Company v. City of Seymour*, 163 Ind. 120, 70 N. E. 514, it is held:

"The performance of quasi public duties growing out of the acceptance of municipal grants may be enforced by mandate."

In *State ex rel. City of Marion v. Marion L. & H. Co.*, 174 Ind. 622, 92 N. E. 731, it was held:

"In an action in mandamus to compel a public service corporation to furnish heat to a city for its library building, in accordance with its franchise, the city, as representing the public therein, is a proper relator."

See, also, *City of Topeka v. Topeka Water Co.*, 58 Kan. 349, 49 Pac. 79; *City of Potwin Place v. Topeka Ry. Co.*, 51 Kan. 609, 33 Pac. 309, 37 Am. St. Rep. 312; *City*

*Council of Montgomery v. Capitol City Water Co.,* 92 Ala. 361, 9 South. 339; *State ex rel. City of Milwaukee v. Milwaukee Elec. Ry. & L. Co.,* 144 Wis. 386, 129 N. W. 623, 140 Am. St. Rep. 1025.

We therefore hold that mandamus will lie at the suit of a city to compel the performance of a specific public service by a corporation which has accepted its franchise imposing such service.

II. The distribution of water by means of mains or pipes laid in the streets and public places of a city is not an ordinary business in which any one may engage; but the right so to do constitutes a franchise granted by the municipality for the accomplishment of a public purpose, usually upon terms prescribed in the ordinance. The respondent company in this case accepted the franchise, and thereby assumed all the duties toward the public therein imposed. By the express terms of the ordinance it is empowered to put in place and maintain in the streets, alleys, and public places of the city, water pipes, hydrants, and all appurtenances necessary to supply water to consumers. No individual citizen is authorized to make excavations or lay pipes in the streets or other public places to connect with the mains of the company. As a general rule, it is the duty of a property owner or consumer to properly equip his premises to receive the water service.

The franchise granted the water company in this instance is "to construct, maintain and operate in the city of Bartlesville, I. T., for the purpose of supplying the city and its citizens with water, a system of waterworks." It is obvious from the language of the entire ordinance that it was the purpose and intention of the parties that

the waterworks system to be constructed should embrace all things necessary to supply the city and its citizens with water, and that such system should be owned and controlled by the company. It seems equally clear that the service or connecting pipes required to be laid in the streets are as much a necessary part of the system used to convey water as are the large mains. That they are the property of the water company appears to be conceded here, as such pipes are owned by the company and furnished at its expense. But it is contended that the cost of labor in making and filling the excavations required for the laying of such pipes should be borne by the consumer. To this we cannot assent. The ordinance fails in terms to require, and it cannot fairly be inferred from the words employed, that the citizen should construct, or pay for the construction of, any part of the system owned and controlled by the company; but, on the contrary, the valuable right of using the city's streets and alleys was granted the respondent in which to construct its water works system, and the duty to provide and maintain at its own cost all parts of such system necessary to the performance of its primary duty of supplying the city and its citizens with water was assumed by the company in accepting the franchise. It would require a strained construction of the terms of the grant to hold that it was intended to provide thereby that the city or its citizens should pay for property owned by the company and over which in no event could they have or exercise control.

In *International Water Company v. City of El Paso, supra,* it was held:

"Primarily the duty of a company bound to furnish water to property owners on streets containing mains carried with it the duty to perform the work necessary to

enable the company to furnish the owners with water, and. the company could only be relieved from the obligation to construct, at its own cost, the necessary connections by some provision in the franchise or contract which unmistakably, or by fair implication, so operated."

In *Pocotatello Water Co. v. Standley,* 7 Idaho, 155, 61 Pac. 518, a case in which a water company sought to restrain a plumber from tapping its mains, it was said:

"Considering that the company has the control of its property for the purposes named in the franchise, and the liability of the company arising from defective tapping of its pipes, we think it reasonable and just that it be permitted to make all taps, as provided by said rule, and such material as is necessary to be used in making such taps, and the pipes used in conveying the water from the tap to the franchise limit of the street or alley having been furnished by the company belong to it, and are a part of its system. It cannot compel the user of water to pay for such work or pipes, but it may require him to pay reasonable compensation for furnishing him the water. In other words, the company cannot compel the citizens to pay for a part of the system of waterworks it has agreed to construct, but it must construct its own system within its franchise limits, at its own expense. It cannot compel the user of water to pay for any part of such system. Beyond the franchise limits, the user of water must lay down his own water pipes at his expense, and within such limits the company must lay all pipes at its expense."

To the same effect are *Pine Bluff Corporation v. Toney,* 96 Ark. 345, 131 S. W. 680, Ann. Cas. 1912B, 544; *Bothwell v. Consumers' Co.,* 13 Idaho, 568, 92 Pac. 533, 24 L. R. A. (N. S.) 485; *Hatch v. Consumers' Co.,* 17 Idaho, 204, 104 Pac. 670, 40 L. R. A. (N. S.) 263, affirmed in *Consumers' Co. v. Hatch,* 224 U. S. 148, 32 Sup. Ct.

465, 56 L. Ed. 703; McQuillan on Municipal Corporations, section 1696.

We are of opinion that peremptory writ of mandamus was properly issued.

The action of the trial court should therefore be affirmed.

By the Court: It is so ordered.